ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER DON KIMBELL, #1086539, Petitioner, | ) ) ) ) |
| v. | ) 3:06-CV-0459-M ) |
| DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Boyd Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Teague, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: On February 6, 2002, Petitioner was convicted of aggravated assault with a deadly weapon in the 18th Judicial District Court of Johnson County, Texas, in Cause Number F35329. Punishment was assessed at twelve years imprisonment. (Petition (Pet.) at 2). Petitioner appealed. (Id. at 3). On January 8, 2003, the Tenth District Court of Appeals affirmed

the conviction and sentence. Kimbell v. State, No. 10-02-00045-CR (Tex. App. 2003, no pet.).

On September 30, 2005, Petitioner filed in the convicting court a state application for writ of habeas corpus, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the conviction at issue in this case. (See Attachment I for copy of the first page of the art. 11.07 application). On January 11, 2006, the Texas Court of Criminal Appeals (TCCA) denied the application without written order. Ex parte Kimbell, No. WR-63,542-01.

In his federal petition, filed on February 16, 2006, Petitioner challenges the admission of testimony concerning Petitioner's alleged brandishing of a knife. He also challenges the factual sufficiency of the evidence. (Pet. at 7).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly

---

[1] For purposes of this recommendation, the petition is deemed filed on February 13, 2006, the date Petitioner signed the same and purportedly placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing). This action was initially filed in the U.S. District Court for the Western District of Texas, Waco Division, which in turn transferred it to this Court on March 2, 2006.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final on Friday February 7, 2003, thirty days after the Court of Appeals affirmed the judgment of conviction. See TEX. R. APP. P. 68.2(a) (effective September 1, 1997).[2] The one-year period began to run on February 8, 2003, the day after his conviction became final, and expired one year later on February 7, 2004. Petitioner did not file his federal habeas petition until February 13, 2006, more than two years after the running of the one-year limitation period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application

---

[2] While Petitioner sought an extension of time to file a petition for discretionary review, he did not do so until long after a mandate issued on his direct appeal. As a result, the TCCA denied the motion for extension on January 14, 2005. See Kimbell v. State, No. 10-02-00045-CR, http://www.10thcoa.courts.state.tx.us/opinions/case.asp?FilingID=6314 (Docket Sheet Information generated from the Tenth Court of Appeals Website on March 16, 2006).

was not pending in state court during the one-year limitation period. Flanagan, 154 F.3d at 202. As noted above, Petitioner did not file his state application until September 30, 2005, one and one-half years after the expiration of the one-year period. See Scott, 227 F.3d at 263 (state habeas application did not toll limitation period for filing federal habeas petition where it was not filed until after federal limitation period had expired). Therefore, the federal petition is clearly untimely absent equitable tolling.

In order to allow Petitioner to show whether equitable tolling applied to his case, the Court filed an order on March 21, 2006, requesting him to show cause why his petition should not be dismissed as time barred. As of the date of this recommendation, Petitioner has not responded to the show cause order.

Nevertheless his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). He not only delayed the filing of his art. 11.07 application by one and one-half years after the expiration of the one-year period, but he also waited more than one month, following the denial of his art. 11.07 application, before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the Court concludes that Petitioner is

4

not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 12th day of June, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

Cause No. F35329A
(The Clerk of the convicting court will fill this line.)

COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07



| CHRISTOPHER DON KIMBELL | 05 / 22 / 1974 |
|---|---|
| NAME OF APPLICANT (Please print full name) | DATE OF BIRTH |

| William Boyd Unit | # 1086539 |
|---|---|
| PLACE OF CONFINEMENT | TDCJ-ID NUMBER |

(1) What court entered the judgment of conviction you want relief from?
(Give the number and county of the court.)

18TH Judicial District Court of Johnson County, Texas

(2) What was the cause number in the trial court? F35329

(3) What was the trial judge's name? Honorable John Ed Neill

(4) What was the date of judgment? February 6, 2002

(5) What was the length of sentence? 12 years

(6) Who assessed punishment? (Check one)    (a) Judge ( ); (b) Jury (✗)

(7) What offense or offenses were you were convicted of (all counts)?

AGGRAVATED ASSUALT WITH A DEADLY WEAPON

Misc. Docket No. 00-100        Page 2 of 10